UNITED STATES DISTRICT COURT
SOURTHEN DISTRICT OF FLORIDA

CASE NO.: 13CR20899-RNS

UNITED STATES OF AMERICA

       Plaintiff,

vs.

JAIME ALBERTO TAMAYO LOPEZ,

       Defendant.
_____/

**DEFENDANT'S MOTION TO MODIFY SENTENCE
PURSUANT TO THE FIRST STEP ACT AND SECTION 3582(c)(1)(A)**

JAIME ALBERTO TAMAYO LOPEZ, by and through undersigned counsel, here by files this Motion to Modify Sentence pursuant to the First Step Act and 18 U.S.C § Section 3582(c)(1)(A) and in support thereof states:

Mr. Tamayo Lopez is charged in a multi defendant Indictment with Conspiracy to Launder Monetary Instruments in violation of Title 18 U.S.C. § 1956 and Conspiracy to Distribute Cocaine Knowing the Cocaine would be imported into the United States in violation of Title 21 U.S.C. § 963. On March 18, 2016, Mr. Tamayo Lopez, accepted a plea and was subsequently sentenced on June 29, 2016 to 120 months, with 5 years of supervised release. Mr. Tamayo Lopez has served 84 months which is approximately 70 percent of his sentence.

**CHRONIC HEALTH ISSUES**

Mr. Tamayo Lopez is a 54 years old gentleman who suffers from high blood pressure, high cholesterol, high triglycerides, and psoriasis. Mr. Tamayo Lopez is currently taking the following medications: Amoxicillin 500mg, Aspirin 81mg, Atorvastatin Calcium 10mg, Clobetasol Propinate 0.05%; Ibuprofen 800mg, Lisinopril 10mg, Claritin 10mg. During his most recent evaluation on February 11, 2020, Mr. Tamayo Lopez was found to have an elevated blood

1

pressure reading, which prompted Dr. Melvin Jackson, to raise his medication from 5mg to 10mg. These conditions put Mr. Tamayo at a high risk of death is exposed to the Covid-19. Mr. Tamayo Lopez, lengthy medical history is documented with the BOP.

The current outbreak of the novel coronavirus, COVID-19, is absolutely devastating the on a national level, it is highly contagious, and this virus can be deadly for individuals with pre-existing conditions and/or compromised immune systems, especially individuals in detention. As of today, 108 federal inmates have died, 10,680 inmates and 1,262 staff members of the BOP have a positive test for COVID-19, with these numbers rising every day.

## **MEMORANDUM OF LAW**

As part of the First Step Act, signed into law on December 21, 2018, Congress comprehensive overhauled sentence modification procedures codified at 18 U.S.C. § 3582(c)(1)(A). Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to the change in law, the power to seek sentence modification resided exclusively with the Director of the Bureau of Prisons ("BOP"), who exercised it rarely and, often, delinquently. See U.S. Dep't of Justice Office of the Inspector General, The Federal Bureau of Prisons' Compassionate Release Program (Apr. 2013).

Sentence modifications based on family circumstances simply did not happen under the BOP's program administration.[1]

In an effort to redress this prior regime and liberalize Section 3582(c) practice, Congress freed district courts of BOP-imposed boundaries and granted courts broad discretion to determine when a low-risk prisoner's sentence should be modified based on compelling family circumstances. Section 3582(c)(1)(A)(i) provides, in pertinent part, that a court may reduce the

---

[1] The BOP considers modification requests under a multi-tiered and restrictive set of rules set down in a "policy statement." The BOP Policy Statement is intended to implement the applicable Code of Federal Regulations (28 U.S.C. 571 .60, *et seq*.), which, in turn, is intended to implement Section 3582(c)(1)(A). P.S. 5050.50, the current iteration of the BOP's sentence modification rule, considers two classes of applications based upon family circumstances: (i) death or incapacitation of a spouse who is the primary caregiver to the prisoner's minor children or (ii) incapacitation of a spouse with no other available caregiver. Not a single instance of family-based modifications appears in nationwide reporters since enactment of the Comprehensive Crime Control Act in 1984.

2

sentence of an inmate upon the motion of the BOP or the inmate "after considering the factors set forth in section 3553(a) to the extent they are applicable," if the court finds that "extraordinary and compelling reasons warrant such a reduction." The meaning of "extraordinary and compelling" is not defined by the FSA; however several district courts have looked to the pre-FSA Sentencing Commission's policy statement for "helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive." Bucci, at *1; see also United States v. Fox, 2019 WL 3046086, at *3 (D. Me.) (same).

The Policy Statement issued by the United States Sentencing Commission, § 1 B 1.13 of the Sentencing Guidelines, ("Guideline Policy Statement"), was last amended in November 2018, before the First Step Act was passed. The Guideline Policy Statement describes the following germane ways in which "extraordinary and compelling circumstances" may arise: (a) the death or incapacitation of the caregiver of the defendant's minor child or minor children; (b) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner; or (c) *an extraordinary or compelling reason other than or in combination with one of the enumerated reasons*. See U.S.S.G. § 1 B 1.13, n.1. The Policy Statement also acknowledges that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction)" to a sentence. Id., n. 4.

Now both the Attorney General William Barr and the Senate have issued statements indicating that inmates should be transferred to home confinement if vulnerable to COVID-19. Attorney General Barr accordingly requested that the BOP use its statutory authority to release certain inmates to home confinement. While he also expressed confidence in the BOP's "ability to keep inmates in our prisons as safe as possible from the pandemic sweeping across the globe," the situation has changed swiftly since he wrote the memo and the BOP's reported COVID-19

cases have had a steady rise. Certainly, the current health conditions of Mr. Tamayo-Lopez make him an ideal candidate for release as a result of COVID-19 pandemic.

### QUALIFICATIONS UNDER FSA SENTENCE MODIFICTAION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

Mr. Tamayo Lopez qualifies for a sentence modification pursuant to the First Step Act, the Court has jurisdiction to determine whether "extraordinary and compelling reasons" warrant a sentence reduction after consideration of sentencing factors under 18 U.S.C. 3553(a) and the Sentencing Commission's policy statement on reduction of sentence in U.S.S.G. 1B1 .13. The Defendant's circumstances fall within the Sentencing Commission's standards for reduction of sentence as described in the Application Notes of U.S.S.G. 1 B1 .13.

Mr. Tamayo Lopez is a non-violent offender, who's custody classification level is low and designated to Correctional Institution McRae, with an Out-Custody level and a Minimum risk of recidivism.  Mr. Tamayo Lopez has taken proper steps within his facility, on May 27, 2020, initiated a request to staff requesting that he be released and to date, he has not been released.  On June 8, 2020, undersigned counsel a sent a letter via email to the Bureau of Prisons and C.I. McRae requesting that Mr. Tamayo Lopez receive home confinement due to the pandemic and pursuant to comprehensive plan the BOP has put in place as a result of the Care Act and the memorandums from Attorney General of the United States William Barr.  As of today, undersigned counsel has not received any response from the BOP and/or C.I. McRae.

If released, Mr. Tamayo Lopez will be residing with his wife, Margarita Monsalve, his 14-year-old son, Jaime Andres Tamayo Monsalve and his 84-year-old infirm mother, Lilian Lopez de Tamayo in Estrella, Antioquia, Colombia.

Mr. Tamayo-Lopez will be working overseeing Avocado Cultivation on a farm, which is also located in Estrella, Antioquia, Colombia.

Undersigned counsel has conferred with Assistant United States Attorney, Monique

4

Botero, who has stated that the Government opposes to the granting of this motion.

**WHEREFORE,** the Defendant, JAIME ALBERTO TAMAYO LOPEZ, prays that this Honorable Court grant his request to waive his appearance and grant this Motion to Modify Sentence pursuant to the First Step Act and 18 U.S.C § Section 3582(c)(1)(A) and release him due to extraordinary and compelling reasons to home confinement to complete the remainder of his sentence at home.

## CERTIFICATE OF SERVICE

**I HEREBY** certify that on August 5, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.
150 W. Flagler Street, PH2900
Miami, Florida  33130
Telephone:    305-373-6400
Facsimile:     305-373-0396
E-Mail: bert@hdominguezlaw.com

By: /s/*Humberto R. Dominguez*
_____
Humberto R. Dominguez, Esq.
Florida Bar No.  837903