United States District Court
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff,<br><br>v.<br><br>Jaime Alberto Tamayo Lopez,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 13-20899-CR-Scola<br>)<br>)<br>) |

### Order Denying Motion for Release

Now before the Court is Defendant Jaime Alberto Tamayo Lopez's motion to reduce sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **denies** the Defendant's motion (**ECF No. 98**).

The Defendant pled guilty to conspiracy to commit money laundering and conspiracy to distribute five kilograms or more of cocaine knowing that the cocaine would be unlawfully imported into the United States. The Defendant was sentenced to 120 months of imprisonment and he has served approximately 70% of his sentence. The Defendant now moves for his immediate release from the Bureau of Prisons ("BOP") due to the threat posed by the Covid-19 pandemic. The Defendant claims that his medical conditions—"high blood pressure, high cholesterol, high triglycerides, and psoriasis"— put him at a significantly increased risk of contracting a severe case of the coronavirus, and therefore, he should be immediately released from prison and transferred to home confinement. The Court does not agree that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is appropriate in this case for several reasons.

Although the Defendant has exhausted his administrative remedies, he did not meet his burden to show that "extraordinary and compelling reasons" support his release. If an inmate has a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons," especially for inmates over the age of 65.[1] The Defendant is a 54-year-old inmate with high blood pressure, high cholesterol, high triglycerides, and psoriasis. According to the CDC, people with high blood pressure "might" be at

---

[1] Center for Disease Control and Prevention, *Coronavirus Disease: People who are at higher risk for severe illness*, updated April 15, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (people over the age of 65 and those with certain chronic conditions are at a high-risk of severe illness from Covid-19).

an increased risk for severe illness from COVID-19 and none of the Defendant's other health conditions are correlated with severe illness. Without demonstrating that he has severe medical conditions that place him at a high risk of contracting a severe case of COIVD-19, the Defendant cannot show that extraordinary and compelling reasons support his release, and, because he is 54-years-old, his risk of catching a severe case is diminished. *But see*, *United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Third, the Defendant did not demonstrate that he would not pose a danger to the community and that the 3553 factors weigh in favor of his release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. The Defendant is a repeat offender. Prior to the underlying crime for which the Defendant is serving his current sentence, the Defendant served five years in prison for another federal narcotics trafficking offense and had been deported to Colombia. After completing that sentence, he then engaged in the narcotics activity that is the subject of this case. Given his history, the Court cannot say that the Defendant would not be a danger to the community even if he is deported to Colombia following his release. The applicable 18 U.S.C. § 3553(a) factors—such as the nature and circumstances of the offense, the history and characteristics of the offender, the need to ensure adequate punishment, deterrence, and community protection—do not warrant the Defendant's release,

Accordingly, the Court **denies** the Defendant's motion (**ECF No. 98**).

**Done and ordered** at Miami, Florida, on August 17, 2020.

Robert N. Scola, Jr.
United States District Judge