AO 243 (Rev. 01/15)                                                                 Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: Southern District Florida |
|---|---|
| Name (under which you were convicted): Jaime Alberto Tamayo Lopez | Docket or Case No.: 1:13-20899-CR-ZLOCH |
| Place of Confinement: CCA McRae Correctional Facility | Prisoner No.: 19987-038 |

| UNITED STATES OF AMERICA | V. | Movant (include name under which convicted): Jaime Alberto Tamayo Lopez |
|---|---|---|

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court for the Southern District of Florida.

   (b) Criminal docket or case number (if you know): 1:13-20899-CR-ZLOCH.

2. (a) Date of the judgment of conviction (if you know): 
   
   (b) Date of sentencing: 06/29/2016

   FILED BY _____ D.C.
   JAN 12 2022
   ANGELA E. NOBLE
   CLERK U.S. DIST. CT.
   S. D. OF FLA. - MIAMI

3. Length of sentence: 120 Months.

4. Nature of crime (all counts): 18: 1956 (H) Conspiracy to Commit Money Laundering (CT1) 21: 959(A)(2) Conspiracy to Distribute More than 5 Kilograms of Cocaine, knowing that the Cocaine would be unlawfully Imported Into the United States (CT2).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have? (Check one) Jury G  Judge only G

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes G  No G

8. Did you appeal from the judgment of conviction? Yes G  No G ☒

9. If you did appeal, answer the following:
   (a) Name of court: _____ N/A. _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: _____
   _____
   _____
   _____
   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes G  No G ☒
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____ N/A _____
       (2) Result: _____

       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised: _____
       _____
       _____
       _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
   Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information: (a) (1) Name of court: _____

   (2) Docket or case number (if you know): 1:13-20899-CR-ZLoch.

   (3) Date of filing (if you know): _____

   (4) _____
   (5) _____

   28 U.S.C. § 2255.

   Nature of the proceeding/
   Grounds raised: Violations to Due Process.

   (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
      Yes ☐   No ☒
   (7) Result: Denied.
   (8) Date of result (if you know): _____

   (b) If you filed any second motion, petition, or application, give the same information:
   (1) N/A
   (2) Docket of case number (if you know): 
   (3) Date of filing (if you know):
   (4) Nature of the proceeding:
   (5) Grounds raised:

   Name of court:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes G     No G

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes G   ~~No~~ G

(2) Second petition: Yes G   No G

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** CONSTITUTIONAL VAGUENESS OF LAW AND STATUTE IN WHICH DEFENDANT'S INDICTMENT, CONVICTION, AND SENTENCE INCORPORATED.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

DEFENDANT ALLEGES THAT THE STATUTE IS VAGUE IN FAILING TO DEFINE, STANDARDIZE, OR IDENTIFY FOUR FACTS: RISK, HARM, PERSON AND SCIENTER. SPECIALLY, DEFENDANT ALLEGES THAT THE STATUTE FAIL TO GIVE REASONABLE PERSONS NOTICE OF WHAT "SUBSTANTIAL RISK" MEANS, OF WHAT TYPES OF "HARM" ARE ENCOMPASSED WITHIN THE STATUTE, OF WHICH PERSONS ARE INTEND TO BE PROTECTED, AND OF THE DEGREE. IN ANY OF SCIENTER REQUIRED.
(PLEASE SEE ATTACHMENT)

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes G      No G      N/A

    (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes G      No G ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes      No

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes G      No G

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes G      No G

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground Two:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes G    No G    N/A

  (2) If you did not raise this issue in your direct appeal, explain why: _____

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes G    No G    N/A

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes G    No G

(4) Did you appeal from the denial of your motion, petition, or application?
Yes G    No G

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes G    No G

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

GROUND THREE: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes G        No G
   (2) If you did not raise this issue in your direct appeal, explain why:  N/A
   _____

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes G        No G
   (2) If you answer to Question (c)(1) is "Yes," state:         N/A
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:
   _____
   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____
   _____
   _____

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes G        No G
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes G        No G
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes G        No G

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____ | _____

Date of the court's decision: _____ | _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

**GROUND FOUR:** _____ N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐     No ☐                  N/A

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes G          No G                            N/A

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes G          No G

(4) Did you appeal from the denial of your motion, petition, or application?

Yes G          No G

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes G          No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N/A

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:   Ground one — It was not presented

Before s Defendant was not been interviewed by Immigration authorities and told them that he was facing deportation due to safety public concerns for his conviction of an aggravated felony.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging? Yes G No G̶
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:
    (a) At the preliminary hearing : Michael Spivack (Federal Defender's Office)
    (b) At the arraignment and plea : Michael Spivack. (Federal Defenders's Office)
    (c) At the trial :
    (d) At sentencing : Michael Spivack. (Federal Defender's Office)
    (e) On appeal : N/A
    (f) In any post-conviction proceeding : Pro-Se. § 2255.
    (g) On appeal from any ruling against you in a post-conviction proceeding :

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes G  No G

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes G  No G

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    N/A

    (b) Give the date the other sentence was imposed :

    (c) Give the length of the other sentence :

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes G   No G

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This is an Emergency Motion under 28 U.S.C. § 2255. As Defendant is facing deportation due to the vagueness on the Aggravated Felony classification. For the Immigration Authorities. This ground explained in this Motion is a new ground. Not foreseen by Defendant or predicted before he was interviewed by the Immigration Authorities. And known that he was facing deportation due to safety public concerns for his conviction of an Aggravated Felony.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: 1) Certify and Order the Immigration Authorities that Defendant's conviction is not an aggravated felony for deportation purposes.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

January 6, 2022
_____
(month, date, year)

Executed (signed) on January 6, 2022 (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____

_____

_____

ATTACHMENT Page (1)

Ground. One:

Defendant Cave did not exhibit any "Substantial Risk" that Physical Force against the Person or Property of Another May be used in the Course of Committing. The offense. As In "JOHNSON" the Same form of Void-For-Vagueness doctrine. Is Permissive. Hence, 21:959(A)(2) Conspiracy Class "A" Felony Is an "Aggravated Felony" For Purpose for Deportation under INA 212A; Defendant is facing Adverse Consequences from this Conviction. Which is a Constitutional Violation under "JOHNSON" Doctrine. In Which It Held That The Residual Clause of The Armed Career Criminal Act; 18 U.S.C. §924(e)(2)(B)(ii) was unconstitutionally Vague In Violation of The Due Process Clause of the Fifth Ammendment. The Similarities Between The Armed Career Criminal Act's Residual Clause And The Crime of Violence" Definition Provided. by 8 U.S.C. 1101(a)(43)(F) U.S.S.G. Must Likewise Be Struck As Unconstitutionally Vague. In light of JOHNSON.
The Application Note To Section 2L1.2. Cmt. n3(A). of. (Please see Page 2. Attachment)

The sentencing guidelines provided that "aggravated felony" has the meaning given that term in 8 U.S.C. 1101(a)(43)." U.S.S.G. §2L1.2 cmt, n.3(A). That statutory provision in turn defines aggravated felonies to include, among other things, "crime[s] of violence... as defined in section 16 of title 18 .... for which the term of imprisonment [is] at least one year" 8 U.S.C. 1101(a)(43)(F). Is defined by 18 U.S.C. §16(b) a crime of violence includes any offense "that is a felony and that, by its nature, involves a substantial risk the physical force against the person or property of another may be used in the course of committing the offense. This is the definition that defendant's argues is unconstitutionally vague...

The Fifth Amendment's Due Process Clause protects against criminal convictions based on impermissibly vague statutes. "[T]he government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson 135 S.Ct at 2556.

McRae Correctional Facility
McRae, Georgia 31055

The enclosed letter was processed through mailing procedures for forwarding to you. The letter has has neither been opened nor inspected.
If the writer raises questions or problems over which this facility has jurisdiction, you may wish to return the materiel for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return this enclosure to the above address.

DATE 1-6-21 STAFF V)



Jaime Tamayo Lopez
Register No. 19987-038
McRae Correctional Fa
P.O. Drawer 55030
McRae Helena, GA 31055

CONFIDENTIAL

LEGAL MAIL
⇕
PRIVILEGED MAIL

U.S.M.S.
INSPECTED
BY:______

CERTIFIED MAIL

7019 1120 0001 0570 2318

Clerk of [illegible]
United [illegible] District Court
for the [illegible]
FL [illegible]
400 [illegible]
M[illegible] FL 33128-7716

LOPEZ
-038
AL, FL
30
33055

U.S.M.S.
INSPECTED
BY:_____

CERTIFIED MAIL
7019 1120 0001 0570 2318

Clerk of Court
United States District Court
for the Southern District of
Florida (Broward Division)
400 North Miami Av. Room 8N09
Miami, FL 33128-7716